UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------
In re

    SUZANNE D. GORENFLO                         04-18420 B

             Debtor                             <u>DECISION & ORDER</u>
------------------------------------------------------

                    Nicholas, Perot, Smith, Bernhart & Zosh P.C.
                    Edward J. Dinki, Esq., of counsel
                    12364 Main Road
                    Akron, New York 14001
                    Attorneys for Debtor

                    Thomas J. Gaffney, Esq.
                    80 West Huron Street
                    Buffalo, New York 14202
                    Trustee

Bucki, U.S.B.J.

      The present dispute involves the meaning of delivery for purposes of effecting a transfer by deed of an interest in real property under New York law.

      Until January of 2002, Charlotte Cardinale held title, in fee simple absolute, to her homestead at 59 Norman Drive in Depew, New York. In that month, she executed a deed by which she reserved a life estate to herself, and gave a remainder interest to her only daughter, Suzanne D. Gorenflo. Although the deed was promptly recorded, Mrs. Cardinale never presented that instrument to her daughter and failed even to inform her about the transaction. For this reason, Suzanne Gorenflo was unaware of her interest in the real property when she filed a petition for relief under chapter 7 of the Bankruptcy Code on November 12, 2004. With that petition, Ms. Gorenflo filed schedules which indicated that she possessed no interest in real estate. Based on that and other representations, the trustee reported that the estate had insufficient assets

to justify administration.  In due course, Suzanne Gorenflo received her discharge and the case was closed.

Suzanne Gorenflo first learned about her remainder interest in November 2005, shortly before the time that her mother decided to list the property for sale.  Then in late January of 2006, Cardinale and Gorenflo signed a contract to sell 59 Norman Drive to a third party for $93,000.00.  When a title examination revealed the occurrence of Suzanne Gorenflo's bankruptcy, the purchaser's attorney demanded that the sellers address the potential interest of the bankruptcy trustee.  Because Gorenflo had not listed the real property on her schedules, the closing of the bankruptcy case did not effect an abandonment of the trustee's interest.  11 U.S.C. §554(c).  Accordingly, Gorenflo moved for the reopening of her bankruptcy in March of 2006.  She then brought the present motion under 11 U.S.C. §554(b) to compel the trustee's abandonment of any interest in 59 Norman Drive.

On April 17, 2006, upon the stipulation of both the trustee and counsel for the debtor, I granted an order which essentially authorized a sale of the Norman Drive property, on condition that any interest of the trustee would attach to proceeds that the trustee would hold in escrow until further order of this court.  Thus, the object of the debtor's abandonment motion now shifts from the real property itself to proceeds in the possession of the trustee.  On this matter, the court has received factual affidavits from Charlotte Cardinale and Suzanne Gorenflo, as well as memoranda of law from debtor's counsel and the trustee.  In addition, the parties have twice presented oral argument.

The debtor contends that Mrs. Cardinale never delivered the deed to her daughter, and that without delivery, no transfer of a remainder interest could have occurred.  In their affidavits, both mother and daughter represent that the daughter did not even know about any deed from her mother until long after the initial closing

of the bankruptcy case. Further, Suzanne Gorenflo states that she has never resided at the property, that she never received any tax bills for the property, that she paid no consideration for a remainder interest, and that she did not sign any transfer documents in conjunction with her mother's deed in January of 2002. Opposing the request for abandonment, the trustee argues that recordation of the deed has the effect of delivery. Accordingly, he contends that the remainder interest must be treated as property of the bankruptcy estate.

Enacted by the legislature in 1909, New York Real Property Law §244 establishes the standard for when a grant of real estate will take effect:

> A grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery; and all the rules of law, now in force, in respect to the delivery of deeds, apply to grants hereafter executed.

Two controlling principles follow from this language. First, a deed becomes effective only upon delivery. Second, delivery will be defined by the same standards of law in effect prior to the effective date of the statute.

Recording creates a presumption of delivery. In *Sweetland v. Buell*, 164 N.Y. 541, 552 (1900), the New York Court of Appeals confirmed this outcome: "If it be said that there is no evidence of a sufficient delivery of any of the various deeds under which the plaintiff claims title, the answer is that they are all recorded as was shown by certified copies of their record, which raises the presumption that they were recorded by the grantee, and the proof of that fact is *prima facie* and presumptive evidence of delivery." *Accord, Myers v. Key Bank*, 68 N.Y.2d 744 (1986). To establish delivery in the present instance, therefore, the trustee needs to present no further proof than that the debtor was the grantee of an interest under a recorded deed. To the debtor falls the burden to overcome this presumption.

The concept of delivery encompasses two coinciding events: a presentment of the deed by the grantor and an acceptance by the grantee. The New York Court of

Appeals recognized these components in its decision in *Ten Eyck v. Whitbeck*, 156 N.Y. 341, 352 (1898):

> The delivery of a deed is essential to the transfer of title, and there can be no delivery without an acceptance by the grantee. The question of delivery, involving as it does acceptance, is always one of intention . . . . There must be both a delivery and acceptance with the intent of making the deed an effective conveyance.

In the present instance, the mother clearly intended delivery of the deed. She states in her own affidavit that she executed the deed in order "to protect the value of my real property . . . if I should become ill and require long term care." On these facts, with respect to the mother's intent to deliver the deed, the debtor fails to overcome the presumption that derives from recordation. Rather, the debtor's argument focuses on whether the daughter accepted the deed.

A grantee's acceptance does not necessarily need to occur simultaneously with the grantor's act of delivery. Rather, until she rejects the transfer, the grantee may accept the deed at any time.

> A deed may be delivered to a stranger, for the grantee named therein, without any special authority from the grantee to receive it for him. And if the grantee assents to it afterwards, the deed is valid from the time of the original delivery. *Omnis ratihabitio retro trahitur et mandato seu licentia equiparatur.*[1] It is upon this principle that it has frequently been held that a delivery of a deed to the proper recording officer to be recorded, if intended to vest the title immediately or absolutely in the grantee, either as a trustee or otherwise, is a valid delivery; if not dissented from by the grantee.

*The Lady Superior of the Congregational Nunnery of Montreal v. McNamara*, 3 Barb. Ch. 375, 378 (N.Y. Ch. 1848)(citation deleted)(footnote added). Somewhat more recently, the Appellate Division of New York Supreme Court recognized this same rule: "It is well settled that the delivery of a deed or mortgage to a recording officer with intent that it shall become operative, although without the knowledge of the party to

---

[1] Every subsequent ratification has a retrospective effect and is equivalent to a prior command.

be benefited, constitutes a good delivery as between the parties, and an acceptance will be presumed unless the grantees or mortgagee repudiates the transaction when it comes to his knowledge." *Wilcox v. Drought*, 71 A.D. 402, 407 (1st Dept. 1902).

The present facts are essentially identical to those described by the court in *Wilcox v. Drought*. Having recorded the deed, Mrs. Cardinale is presumed to have delivered that instrument to her daughter. Meanwhile, the daughter's acceptance is presumed, unless that acceptance is repudiated after receipt of knowledge of the transfer. By her own admission, Gorenflo did not know of the transfer until November of 2005. By that time, however, any right of repudiation had become an asset of the bankruptcy estate under 11 U.S.C. §541. After the moment of bankruptcy filing, only the trustee could repudiate the transfer. Delivery no longer depended upon acceptance of title by Suzanne Gorenflo, but upon acceptance by her trustee. Having chosen to accept the deed, the trustee has confirmed the existence of a remainder interest that he may now proceed to administer as part of the bankruptcy estate.

Because the remainder interest in the real property has value, this court will deny the debtor's motion to abandon. Accordingly, the trustee should proceed to determine the value of the remainder interest, and should retain that value from the funds which he now holds in escrow.

So ordered.

Dated:   Buffalo, New York                                   /s/   CARL L. BUCKI
         September 22, 2006                                        U.S.B.J.

Case 1-04-18420-CLB   Doc 40   Filed 09/22/06   Entered 10/04/06 14:16:21   Desc Main
                       Document      Page 5 of 5